# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALFREDO CONTREAS,**

        **Plaintiff,**

**-vs-**                                **Case No.  6:07-cv-1452-Orl-28KRS**

**UNBOUND MORTGAGE
CORPORATION, JOHN R. LOWE JOHN
W. LOWE,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT, MOTION FOR ENTRY OF FINAL JUDGMENT, AND MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 53)** |
| **FILED:** | **July 11, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

      This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.*

The parties have reached a settlement agreement and seek court approval of that agreement. In

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh

Circuit explained that claims for back wages under the FLSA may only be settled or compromised

when the Department of Labor supervises the payment of back wages, or when the district court

enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

The Settlement Agreement provides that Plaintiff Alfredo Contreas will receive $6,800.00.

Counsel indicate that this is a compromise settlement arrived at based on an in-depth review of

time sheets and payroll records.  All parties were represented by counsel during the settlement

negotiations, and they attest to the fairness and reasonableness of the settlement.  Accordingly, I

recommend that the Court find that the overtime compensation to be paid to Plaintiff is a fair

resolution of a bona fide dispute under the FLSA.

Because *Lynn's Foods* does not require the Court to approve the remaining provisions of

the Settlement Agreement, I recommend that the Court decline to retain jurisdiction to enforce the

Settlement Agreement.[1]

Counsel also ask that the Court enter a judgment in the amount of $30,000.00, to be

executed upon only if Defendants default.  Doc. No. 53 at 2-3.  Because there is no practical way

to ensure that the judgment is not executed upon if entered, even if Defendants comply with the

settlement agreement, I recommend that the Court decline to enter the proposed judgment.

Plaintiff may file a complaint in state court, if necessary, to enforce the settlement agreement

should Defendants default.

---

[1] I note, for example, that the Settlement Agreement contains a confidentiality provision, Doc. No. 53-2 ¶ 7, which is necessary unenforceable in light of the public filing of the Settlement Agreement.

Accordingly, I recommend that the Court do the following:

**FIND**  that the overtime compensation Plaintiff will receive pursuant to the Settlement

Agreement is a fair resolution of a bona fide dispute under the FLSA;

**DENY** the request to enter the proposed final judgment;

**DECLINE** to reserve jurisdiction to enforce the Settlement Agreement;

**DISMISS** the case with prejudice as to all parties; and,

**DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 14, 2008.


*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy